ORIGINAL

# In the United States Court of Federal Claims

No. 17-315C
(Filed: July 19, 2017)

* * * * * * * * * * * * * * * * * * * * *

BRYAN O. CRANE,

        *Plaintiff,*

v.

THE UNITED STATES,

        *Defendant.*

* * * * * * * * * * * * * * * * * * * * *

**FILED**

JUL 19 2017

U.S. COURT OF
FEDERAL CLAIMS

### ORDER

Plaintiff Bryan Crane, appearing *pro se*, filed a complaint on March 2, 2017, seeking a total of $62,134.41 in damages stemming from the alleged improper garnishment of his accrued leave by the Defense Finance and Accounting Service. Mr. Crane is a former civilian employee of the Naval Air Systems Command ("NAVAIR"). On February 12, 2000, he was totally disabled in a work-related accident that caused spinal cord damage. Although plaintiff regained mobility, doctors deemed him unemployable because he continued to have traumatic problems when looking down. Nonetheless, Mr. Crane returned to work on February 3, 2003, after NAVAIR promised ergonomic conditions specifically designed to accommodate his disability. On February 7, 2003, Mr. Crane stopped going to work and informed NAVAIR that he would not be returning because the promised acommodations were not provided.

The Defense Financial Accounting Services ("DFAS"), NAVAIR's payroll provider, erroneously continued to pay Mr. Crane until April 13, 2005. Mr. Crane attempted to correct the error by sending DFAS two personal checks and returning five government checks. Finding the funds returned insufficient to cover Mr. Crane's outstanding balance, DFAS applied his accrued leave to eliminate the outstanding balance for overpaid wages when

he officially retired on July 3, 2006.

Mr. Crane attempted to obtain relief from the Navy and from DFAS for several years. He eventually appealed DFAS's actions to the Office of Personnel Management ("OPM"), alleging that he fully repaid the overpaid wages and that DFAS improperly garnished his accrued leave. On November 15, 2012, OPM decided that Mr. Crane failed to establish that DFAS calculated his salary overpayment incorrectly.

On April 29, 2015, Mr. Crane filed a complaint in this court seeking unpaid vacation and sick pay, loss of investment income from unpaid pay, and travel expenses under the Federal Tort Claims Act and the Maryland Wage Payment and Collection Law. On May 17, 2016, that complaint was dismissed for lack of jurisdiction because Mr. Crane relied on tort and state law claims, and because Mr. Crane's claims were time-barred. The Federal Circuit affirmed the dismissal, holding that, even construing Mr. Crane's claim liberally, there is no basis for jurisdiction because "any cause of action Mr. Crane might have had accrued, at the latest, by July 3, 2006." *Crane v. United States*, 664 F. App'x 929, 932 (Fed. Cir. 2016).

Plaintiff again filed a complaint in this Court on March 2, 2017, claiming that neither this court nor the Federal Circuit had decided the issue regarding the improper garnishment of his accrued leave. Defendant now moves to dismiss for lack of jurisdiction because the claim is time-barred and because the statutes that Plaintiff relied on do not grant this Court jurisdiction. Defendant also moves to dismiss for failure to state a claim upon which relief can be granted because the claim is precluded by collateral estoppel and because the garnishment was proper.

The issue of the timeliness of plaintiff's claim stemming from the alleged improper garnishment of his accrued leave has already been decided by this court and the Federal Circuit. It is not open for re-consideration now. The doctrine of collateral estoppel bars a party from litigating again what has already been determined by a court of competent jurisdiction. *See Mother's Rest, Inc. v. Mama's Pizza, Inc.*, 723 F.2d 1566, 1569 (Fed. Cir. 1984). The doctrine applies when 1) the issue is identical to the one involved in the prior action; 2) the issue was raised and litigated in that prior action; 3) the resolution of that issue in that prior action was "necessary and essential" to the resulting judgment; and 4) the party precluded was fully represented in the

prior action.  *Id.*  Those elements are present here.

Plaintiff argues that no court has heard his current claim and that it is not barred by the statute of limitations because his claim could not have accrued until after he received a decision on his claim at OPM.  The Federal Circuit held:

> Mr. Crane alleges that when he separated from federal service on July 3, 2006, DFAS failed to pay him a lump-sum payment covering his annual leave.  Thus, any cause of action Mr Crane might have had accrued, at the latest, by July 3, 2006.  Mr. Crane did not file his complaint at the Court of Federal Claims until April 29, 2015, almost nine years after any claim accrued, and almost three years afer the six-year limitations period had run.  Therefore, his claims are time-barred.

*Crane*, 664 F. App'x at 932.

Although styled somewhat differently, plaintiff's present complaint brings the same claim, namely that DFAS owes him a payment for his accrued leave upon his retirement.  He alleges that DFAS instead garnished his leave payment due to their improper calculation of whether and how much he owed back to the government for salary improperly paid to him after his retirement. As quoted above, the Federal Circuit found that claim to be too late.  This court and any other is thus precluded under the doctrine of collateral estoppel from holding elsewise.[1]  Plaintiff's complaint must therefore be dismissed for failure to state a claim upon which relief can be granted.

Accordingly, defendant's motion to dismiss is granted.  The Clerk of Court is directed to dismiss the complaint pursuant to Rule 12(b)(6) and enter judgment accordingly.

ERIC G. BRUGGINK
Senior Judge

---

[1] It does not matter that plaintiff has a new argument for why this claim is not time barred. The time to present that argument was the first time he brought this same claim.  The issue of timeliness has been decided.